UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JALAAL ABDULLAH,<br><br>           Plaintiff,<br><br>      v.<br><br>B. PHILLIPS, et al.,<br><br>           Defendants. | Case No. 1:24-cv-00603-EPG (PC)<br><br>ORDER TO ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, BECAUSE OF PLAINTIFF'S FAILURE TO (1) COMPLY WITH A COURT ORDER, (2) PROSECUTE THIS CASE, AND (3) UPDATE HIS ADDRESS<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

Plaintiff Jalaal Abdullah proceeds *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On June 7, 2024, the Court's order granting Plaintiff leave to proceed *in forma pauperis* was returned with the following notation on the docket: "MAIL RETURNED as Undeliverable, Not at CSATF/SP Corcoran, Inactive: 7 Order on Motion to Proceed in forma pauperis sent to Jalaal Abdullah BT-1319, SATF, P.O. Box 5244, Corcoran, CA 93212."

Plaintiff was previously provided an informational order, which advised him as follows:

A. A pro se plaintiff must keep the Court and opposing parties informed of the party's correct current address. Local Rule 182(f). If a party moves to a different address without filing and serving a notice of change of address, documents served at a party's old address of record shall be deemed received even if not actually received. Id.

1

      B. If mail directed to a pro se plaintiff at the address of record is returned by the United States Postal Service as undeliverable, the order will not be re−served a second time absent a notice of change of address. If a pro se plaintiff's address is not updated within sixty−three (63) days of mail being returned as undeliverable, the case will be dismissed for failure to prosecute. Local Rule 183(b).

      C. A Notice of Change of Address form is attached to this Order.

(ECF No. 3, p. 5).

      More than 63 days have expired, and Plaintiff has failed to provide an updated address. Therefore, the Court will recommend that this case be dismissed, without prejudice, because of Plaintiff's failure to (1) comply with a court order, (2) prosecute this case, and (3) update his address.

      "In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

      "'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

      As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." *Id.* Plaintiff has failed to keep the Court informed of his current address as required by the Court's order. This failure is delaying this case and interfering with docket management. Notably, the Court cannot issue any screening order to Plaintiff without knowing his address, which keeps the case from progressing. Therefore, the second factor weighs in favor of dismissal.

      Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in

and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to keep the Court informed of his current address that is causing delay and preventing this case from progressing. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has stopped prosecuting this case, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's *in forma pauperis* status, it appears that monetary sanctions are of little use. And as Plaintiff has stopped prosecuting this case, excluding evidence would be a meaningless sanction. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.*

After weighing the factors, the Court finds that dismissal without prejudice is appropriate.

Accordingly, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

Further, IT IS RECOMMENDED that:

1. This case be dismissed, without prejudice, because of Plaintiff's failure to (1) comply with a court order, (2) prosecute this case, and (3) update his address.
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 16, 2024**                    /s/ Erica P. Grosjean
                                                 UNITED STATES MAGISTRATE JUDGE